```
      IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT BECKLEY
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 5:04-00155

**MANUEL L. PAGE**

### MEMORANDUM OPINION AND ORDER

Pending before the court are the defendant's motions for a judgment of acquittal (Doc. No. 69) and for a new trial (Doc. No. 70). The United States has not responded to these motions. In considering these motions, the court has considered the evidence and argument presented at trial as well as the evidence and argument presented at the defendant's pretrial motions hearing held on April 4, 2005.

The defendant asserts that the search and seizure of the defendant was unreasonable and was conducted without proper justification. The court finds that the stop and search was in compliance with the dictates of Terry v. Ohio, 392 U.S. 1 (1968). Accordingly, the court OVERRULES this objection on the same grounds set forth on the record during the pretrial motions hearing.

The defendant also asserts error in admitting the testimony of a Bureau of Alcohol, Tobacco, and Firearms agent regarding interstate commerce and on admitting fingerprint evidence and

records concerning the defendant's prior conviction.  The court OVERRULES these objections for the same reasons stated on the record at trial.

Additionally, the defendant challenges the sufficiency of the evidence.  The evidence presented at trial was sufficient to support the juror's verdict of guilty.  There was admissible evidence demonstrating that the defendant had the alleged weapon in his possession at the time of the stop, that the defendant twice admitted to possessing the gun, that the weapon was not manufactured in West Virginia, and that the defendant had previously been convicted of a felony without having his rights restored.  See United States v. Hobbs, 136 F.3d 384, 390 (4th Cir. 1998).  That the firearm was manufactured outside West Virginia is sufficient to satisfy the requirements of 18 U.S.C. §§ 921(a)(2) and 922(g)(1) without needing evidence of ownership or the means by which the firearm entered the state of West Virginia.  Additionally, the court ruled at the pretrial motions hearing that the defendant's statements concerning possession of the gun made to officers on January 1, 2004, and January 13, 2004, were voluntary and admissible.  The court finds no reason to overturn that ruling now.  Accordingly, the court OVERRULES defendant's objection as to the sufficiency of the evidence.

The defendant also moved for a new trial on the same grounds asserted in the motion for a judgment of acquittal. The court DENIES the motion for a new trial for the same reasons it denied the motion for a judgment of acquittal.

The Clerk is directed to mail a copy of this Order to all counsel of record, the United States Marshals Service for the Southern District of West Virginia, and the Probation Office of this court.

It is SO ORDERED this 5th day of May, 2005.

                              Enter:

                              David A. Faber
                              Chief Judge